# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

POSTRILLE YANKIE MELODIS,

    Petitioner,

v.

IMMIGRATION CUSTOM AND ENFORCEMENT, ICE,

    Respondent.

Case No. EDCV 17-2497-SVW (JEM)

MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND

On December 14, 2017, Postrille Yankie Melodis ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). The Court's review of the Petition reveals that it is deficient on its face and must be dismissed with leave to amend.

<u>Petitioner Must Name a Proper Respondent</u>

The Petition challenges the legality of Petitioner's custody pending his removal from the United States. Petitioner has named "Immigration Custom and Enforcement, ICE" as the Respondent. Under <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004), as a default rule a habeas petitioner challenging his confinement may only proceed against the person with immediate custody over him, which is the warden or other person in charge of the detention facility in which he is confined.

If Petitioner chooses to file an amended petition, he must name the warden or other person in charge of Petitioner's present place of confinement, which appears to be the Adelanto Detention Facility.

Petitioner Must Sign the Petition

The Petition is not signed on page 6. 28 U.S.C. § 2242 provides that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." In addition, Federal Rule of Civil Procedure 11(a) requires the Petition to be signed by Petitioner.

If Petitioner chooses to file an amended petition, it must be properly signed and dated by Petitioner.

**ORDER**

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition no later than **January 22, 2018**. In the interest of judicial economy, the clerk is directed to return a copy of the Petition to Petitioner so that he may substitute the name of the proper respondent on page 1, and sign page 6 of the petition form. The Petition should be re-labeled as the "First Amended Petition."

Petitioner is cautioned that failure to file a First Amended Petition by January 22, 2018, may result in dismissal of this action without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

Petitioner shall immediately notify the Court of any change of address. If Petitioner fails to keep the Court informed of his current address, this action may be dismissed for failure to prosecute and/or failure to comply with a court order. See Local Rule 41-6.

**IT IS SO ORDERED.**

DATED: December 20, 2017         */s/ John E. McDermott*
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE